T. H. HAYES & SONS *v.* STUYVESANT INS. CO.

(*Jackson,* April Term, 1952.)

Opinion filed June 7, 1952.

Bailey Brown and Burch, Porter & Johnson, all of Memphis, for plaintiff.

Eric T. Babendreer and Robert E. Joyner, both of Memphis, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents for decision the novel question whether an automobile sales agency which, in connection with the sale of an automobile, also sells a policy of collision insurance, so becomes an agent of the insurance company, and makes applicable Code Section 6087, which is as follows:

"Any person who shall solicit an application for insurance *shall in all matters relating to such application and the policy issued in consequence thereof* be regarded as an agent of the company issuing the policy, and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever; *   *   *.*" (Our emphasis.)

In its declaration filed in the Circuit Court of Shelby County, Plaintiff, T. H. Hayes & Sons, a Tennessee Corporation, alleged that one of its vehicles covered by a policy of collision insurance issued by the Defendant, and at the time in force, had been damaged in a collision, and that on seasonable demand, the Defendant had refused to pay the amount for which it was liable under the policy.

The Defendant Insurance Company pleaded the general issue, and further pleaded that Plaintiff misrepresented and concealed the use to which the vehicle would be put; that Plaintiff converted a truck into an ambulance without the Defendant's knowledge; that the insurance was written on a truck; that it did not cover the ambulance damaged in the collison; and finally, in an attempt to rescind the policy, the Defendant tendered into Court, the entire amount of premiums collected and the accrued Court costs.

By replication, Plaintiff joined issue on Defendant's pleas, alleged that Defendant had knowledge or notice through its agent, from the time the policy was issued, of the change in the character of the vehicle and the use to which it was being put, and that after knowledge of the change in the character of the vehicle from a truck to an ambulance, the Defendant had received the premiums, and that such conduct by the Defendant constituted a waiver and created an estoppel. Defendant further pleaded that the tender was ineffectual since it was not seasonably made.

Issue was joined on the replication and the case went to trial. At the close of Plaintiff's proof, which consisted of the testimony of a single witness, the Trial Judge granted motion for a peremptory instruction, holding that Section 6087 of the Code was inapplicable, and from the adverse judgment, Plaintiff appealed to the Court of Appeals, and that Court reversed and remanded the case for a new trial.

In view of the disagreement of the two lower Courts and the fact that Code Sec. 6087 has never been construed in its application to automobile insurance by this Court, we granted certiorari, have heard argument and the case is now before us for disposition.

■ As stated, the Trial Judge directed a verdict at the end of Plaintiff's proof, which consisted of testimony of a single witness. In considering the propriety of the action of the Trial Judge in directing a verdict, we are to look to all the evidence, to take as true the evidence for the Plaintiff, to discard all countervailing evidence, to take the strongest legitimate view of the evidence for the Plaintiff, to allow all reasonable inferences from it in his favor, and if then we conclude that a verdict for Plaintiff would have been warranted by the evidence, the motion for peremptory instruction should have been denied and the action of the Trial Judge in granting the motion, was reversible error. *Lackey* v. *Metropolitan Life Ins. Co.,* 30 Tenn. App. 390, 397, 206 S. W. (2d) 806; *Wildman Mfg. Co.* v. *Davenport Hosiery Mills,* 147 Tenn. 551, 556-557, 249 S. W. 984; *Provident Life & Accident Ins. Co.* v. *Prieto,* 169 Tenn. 124, 83 S. W. (2d) 251; *Osborn* v. *City of Nashville,* 182 Tenn. 197, 185 S. W. (2d) 510.

The pertinent and undisputed facts are these: In September 1947, Taylor Hayes, the Plaintiff's witness, went to the Union Chevrolet Company in Memphis, for the purpose of purchasing a vehicle suitable for conversion into a small ambulance, and took with him, an old Chevrolet which had been so converted. Hayes told a salesman of the Union Chevrolet Company, Mr. Pumphrey, that he wished to trade in the old Chevrolet on a new Chevrolet of a type suitable for conversion into an ambulance. He was advised that he needed a Sedan delivery truck, but that such type of car was not then available but would be received shortly by the Chevrolet Company. Pumphrey then calculated the amount of payments to be made on the new vehicle, allowing for a trade-in on the old vehicle, and a down-payment. He further advised Hayes that collision insurance would be required; that the auto-

mobile agency would be willing to obtain this insurance, and accordingly, the insurance premium was figured in the amount of the monthly deferred payments on the new car.

A month later, in October 1947, Hayes was advised that the type of vehicle he wanted had come in and was ready at the Union Chevrolet Company for delivery. Hayes went to the Chevrolet Company and got the new car, having previously left the old car for sale by the Company. When Hayes received the new car, he made the down-payment and executed the conditional sales contract, which in its installment provisions included the insurance premium as well as the deferred payments on the new car. Giving the evidence a construction favorable to the plaintiff, as we must, it appears that after receipt of the cash down-payment, and at the time of the effective date of the insurance, the Chevrolet dealer had no property interest in the car. The note evidencing the deferred payments was endorsed without recourse, and the insurance made payable in the event of loss, to T. H. Hayes & Sons and the Memphis Trust Company, as their interest might appear.

As premium, the Insurance Company received the sum of $147.38 but Hayes paid $160.29 for the insurance, so that it is a reasonable inference that the Union Chevrolet Company received compensation for selling the insurance. Furthermore, the insurance was not merely for the protction of the seller, but was a general policy of collision insurance with a $50 deductible provision, which obligated the Insurance Company to pay an amount based on the cash value of the vehicle at the time of any collision, irrespective of the outstanding amount of the deferred indebtedness.

A few days after the deal at the Chevrolet Company was closed and the papers signed and the car delivered, Plaintiff received the policy of insurance by mail. He thought it came from Union Chevrolet Company. Plaintiff never had any dealings with any agent of the Insurance Company other than the Union Chevrolet Company until after the collision, and the witness testified that he believed the automobile agency was representing the Insurance Company, and that he had procured automobile insurance from the Chevrolet Company on at least one prior occasion.

After the purchase of the vehicle and after it had been converted into an ambulance, the converted vehicle was frequently brought back to the Union Chevrolet Company and seen by Mr. Pumphrey and other agents and employees of the Chevrolet Company.

In December 1948, the ambulance was damaged in a collision, and thereafter Plaintiff made a complete disclosure to the attorney for the Insurance Company, and also made at least one payment on the purchase price and insurance of the vehicle to the then holder of the conditional sales contract. The Defendant Insurance Company made no tender of the premium or any part thereof, until it filed its pleas in the present cause on November 10, 1950.

In considering the purpose and policy of the Legislature in the enactment of Code Sec. 6087 as part of Chapter 442, Public Acts of 1907, our decision is controlled by what was said by this Court in the case of *Maryland Casualty Co.* v. *McTyier,* 150 Tenn. 691, at page 695, 266 S. W. 767, at page 768, 48 A. L. R. 1168:

"It was manifestly not the intention of the Legislature to restrict the agency representation of the company to matters relating to the application only, but

to extend it to all matters relating to the policy issued. It is apparent that the Legislature purposed affording to the insured a responsible connection with the insuring company, with which he was dealing, oftentimes a nonresident corporate entity of uncertain address, with its identity, for purposes of legal notice, more or less obscure.''

■ The principal argument of the Petitioner is that the application of Code Sec. 6087 is to be limited to those who are in the insurance business and who, as insurance agents, habitually sell insurance. An excerpt from the voluminous brief filed for the Petitioner, gives the gist of this argument:

"The very language of the section itself limits its application to persons whom the company permits to solicit insurance for it, by issuing its policies, upon applications solicited by such persons, and by construction, to persons who hold themselves out as insurance agents, and from whom the company directly or indirectly accepts applications, or through whom it receives, whether directly or indirectly, insurance business.''

To accept this construction would be to read into the statute a limitation which is not there. The statute provides that *"any person who shall solicit an application for insurance"* becomes the agent of the company when the company issues the policy on the application. There is no indication that the Legislature intended to limit the meaning of ''person'' to insurance agents as a class, and had that been the intent, we must presume that the Legislature would have used the word ''agent'' and not ''person.''

Furthermore, acceptance of this construction of the statute would be to reject that announced in *Maryland*

*Casualty Co.* v. *McTyier,* supra, where the Court said:

"* * * when considered in its context we are of opinion that this term includes broadly *any person who holds himself out as an insurance agent* and thus invites and receives insurance business, collecting and transmitting premiums and delivering policies and receipts." 150 Tenn. at page 695, 266 S. W. at page 767. (Our emphasis.)

On the evidence in the present case, there is no room for doubt that the salesman for the Chevrolet dealer solicited the insurance and invited and received the insurance business, and that the only contact which the insured had with the Insurance Company was through the Chevrolet dealer, which, through its agents, had actual knowledge of the nature and details of the risk, as it actually was, when the application was sent in and when the policy was issued on that application. Again quoting from *Maryland Casualty Co.* v. *McTyier,* supra:

"* * * it is well settled in this state, in line with other jurisdictions, that a written provision that the stipulations and conditions of the policy shall not be waived except by a certain officer may itself be waived by parol. (Citing many cases.)" 150 Tenn. at page 697, 266 S. W. at page 768.

█ Code Sec. 6087 being "remedial," has been broadly and liberally construed in favor of the insured. *American Life Ins. Co.* v. *Hutcheson,* 6 Cir., 109 F. (2d) 424; *Industrial Life & Health Ins. Co.* v. *Trinkle,* 30 Tenn. App. 243, 249-250, 204 S. W. (2d) 827; *American Nat. Ins. Co.* v. *McPhetridge,* 28 Tenn. App. 145, 187 S. W. (2d) 640.

█ If the risk of insurance on the converted truck body was greater, or if premiums for the insurance of an ambulance would have been higher, facts which are

pleaded but not proved, all elements of estoppel are present to prevent the Insurance Company from relying on those facts to escape liability. *Life & Casualty Ins. Co.* v. *King,* 137 Tenn. 685, 702, 195 S. W. 585; *Maryland Casualty Co.* v. *McTyier,* supra.

█ In a number of cases by the Court of Appeals, in which we denied certiorari, it has been decided that for an application of Code Sec. 6087, it is not necessary that the Insurance Company should have appointed the solicitor its agent prior to the transaction, nor that there should be in existence at the time of the transaction, a common-law agency relationship between the Company and the solicitor. *Maryland Casualty Co.* v. *F. B. Hunter & Co.,* 8 Tenn. App. 516, 522; *Cheek* v. *American Eagle Fire Ins. Co.,* 6 Tenn. App. 632.

To dispose of this appeal, we find it unnecessary to pass on the further insistence of Plaintiff, that Defendant was also estopped to deny liability on the policy, because of its receipt of premiums and delay in making tender after the collision, and after admitted knowledge of all the facts by the Defendant. The collision occurred in December 1948. It is Plaintiff's proof that at least one installment of premium was paid after that date and prior to the attempted rescission and tender by Defendant when its pleas were filed in November 1950.

█ We decide merely that a proper application of Code Sec. 6087 to the evidence before us, makes the automobile dealer the agent of the Insurance Company, not only in matters relating to the application, but as to all matters relating to the policy, *Maryland Casualty Co.* v. *McTyier,* supra, 150 Tenn. at page 695, 266 S. W. 767; that accordingly, knowledge of the dealer that the insurance was on a converted truck, was knowledge of the in-

surer, and that acquiescence by the dealer, constituted a waiver. *Johnson Transfer & Freight Lines, Inc.*, v. *American Nat. Fire Ins. Co.*, 168 Tenn. 514, 79 S. W. (2d) 587, 99 A. L. R. 277.

The judgment of the Court of Appeals is affirmed at Petitioner's cost.