**YELLOW TRANSIT FREIGHT LINES, Inc.
et al. v. HOUSTON FIRE &
CASUALTY INS. CO.**

No. 6263.

Court of Civil Appeals of Texas.
Amarillo.

Dec. 15, 1952.

Rehearing Denied Jan. 12, 1953.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellants.

Lucian Touchstone and W. Richard Bernays, Dallas, for appellee.

MARTIN, Justice.

Massachusetts Bonding & Insurance Company issued to appellant, Yellow Transit Freight Lines, Inc., a public liability automobile insurance policy covering a tractor owned by said appellant. Appellant,

Earl C. Price, while driving this tractor for Yellow Transit Freight Lines, Inc., and pulling a trailer owned by East Texas Motor Freight Lines collided with an automobile resulting in claims for damage against appellants.

Massachusetts Bonding & Insurance Company, as insurer, settled all the damage claims accruing by reason of the collision. Following such settlement, Yellow Transit Freight Lines, Inc., and Earl C. Price, assigned to Massachusetts Bonding & Insurance Company all demands they might have against appellee as insurer of the trailer owned by East Texas Motor Freight Lines. Massachusetts Bonding & Insurance Company then filed this suit in the name of appellants, Yellow Transit Freight Lines, Inc., and Earl C. Price, against appellee, Houston Fire & Casualty Insurance Company. The suit alleges that appellee was liable for the damage claims under its policy of insurance issued to East Texas Motor Freight Lines and covering the trailer owned by said company and pulled by the tractor owned by appellant, Yellow Transit Freight Lines, Inc.

The policy of insurance issued by appellee to the East Texas Motor Freight Lines not only insured the East Texas Motor Freight Lines against any public liability and property damage which might result from the use of its trailer, but also defined "insured" as follows, "the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * *" The policy issued by appellee to East Texas Motor Freight Lines further provided under the heading "Exclusions:" "This policy does not apply: (c) Under coverage A and B (bodily injury and property damage liability) while * * * any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company."

■ Appellants, under their contention that a summary judgment was improperly rendered for appellee by the trial court, first present the proposition that both appellants were within the provisions of the term "insured" as used in appellee's policy of insurance and that there being no proof that either of the appellants owned or hired the automobile or tractor with which the trailer was used, that they were not within the above policy exclusion and were therefore entitled to a summary judgment against appellee under the terms of its policy. On this issue it should be stated that the written assignments of appellants' claims and demands as made to the Massachusetts Bonding & Insurance Company contain sufficient admissions to place ownership of the tractor in appellant, Yellow Transit Freight Lines, Inc. Therefore, under appellants' own theory of the case, summary judgment was correctly rendered against Yellow Transit Freight Lines, Inc.

■ The above ruling leaves for determination the principal issue raised by appellants which is a rather ingenious presentation. Appellants contend that appellant, Earl C. Price, was an "insured" within appellee's policy definition of "insured," and that as to appellant Price there was no proof that he was either the owner or the hirer of the tractor with which the insured trailer was used. Appellants further point out that appellant Price was as liable for the damages arising out of the collision as was his employer, Yellow Transit Freight Lines, Inc., and that since he was neither an owner nor a hirer of the tractor he could recover from appellee under its policy of insurance issued to East Texas Motor Freight Lines although liability might not exist under such policy as between appellee and appellant, Yellow Transit Freight Lines, Inc., because of the exclusion clause therein.

An examination of the evidence and admissions of the parties under the terms of appellee's policy of insurance and under the contention of appellants as above outlined reveals the following facts: Appellants correctly allege that they were using the trailer owned by the East Texas Motor Freight Lines with the permission of such owner and are each within the term "insured" as defined in appellee's policy of insurance issued to the East Texas Motor

Freight Lines. Appellant, Yellow Transit Freight Lines, Inc., as such insured, is the owner of the tractor used with the trailer of the East Texas Motor Freight Lines. It is admitted that appellant's tractor was not insured with the appellee, Houston Fire & Casualty Insurance Company, the insurer of the trailer. Since appellee's policy of insurance did not apply while any trailer covered by such policy was used with an automobile owned by the insured and not covered by like insurance in the company, the case resolves itself into a mere question of application of the law under the uncontroverted facts and admissions of the parties. The trial court correctly rendered a summary judgment for the appellee thereon as to all issues. American Indemnity Co. v. Carney, D. C., 54 F.Supp. 273; Commercial Standard Insurance Co. v. Central Produce Company, D. C., 42 F.Supp. 31, affirmed 6 Cir., 122 F.2d 1021.

A summary of appellants' theory reveals that appellants correctly state that Earl C. Price was just as liable to the individuals who sustained damage as a result of the collision as was his employer, Yellow Transit Freight Lines, Inc. It should be observed that Yellow Transit Freight Lines, Inc., is insistent that it is also within the term "insured" as used in appellee's policy as much so as is the appellant, Earl C. Price. But, appellants' theory finally resolves itself into the proposition that since Earl C. Price was neither the owner nor the hirer of the tractor he was insured under appellee's policy although the owner of the tractor, Yellow Transit Freight Lines, Inc., was not so insured under the same policy by reason of the exclusion clause therein. However, appellants do not call attention to the fact that any settlement of the damage claims of the injured individuals as made on behalf of appellant Price would likewise inure to the benefit of appellant, Yellow Transit Freight Lines, Inc., and absolve it from all further liability. Therefore, a final analysis of appellants' theory in the cause reveals that Yellow Transit Freight Lines, Inc., owner of the tractor, though barred from recovery against appellee by the policy exclusion, could in effect extend the protection of appellee's written contract of insurance to cover any damage occasioned by its tractor merely by hiring appellant Price to drive the same.

It is not a sound legal proposition that protection as agreed upon in a written contract of insurance between two persons can be extended to a third person who is expressly excluded as an insured under the terms of such policy merely by the act of such third party in hiring a driver for its tractor.

Appellants' three points of error presenting the issues discussed herein are overruled, and the judgment of the trial court is affirmed.