**CANAL INSURANCE COMPANY,**
**Plaintiff-Appellant,**

v.

**STATE AUTOMOBILE INSURANCE AS-**
**SOCIATION et al., Defendants-**
**Appellees.**

**No. 29433.**

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1970.

K. Hayes Callicutt, Jackson, Miss., for plaintiff-appellant.

George F. Woodliff, Jackson, Miss., for defendants-appellees.

Before RIVES, WISDOM and GODBOLD, Circuit Judges.

PER CURIAM:

The appended opinion of Judge Russell is adopted as the opinion of this Court, and the judgment is affirmed.

Affirmed.

APPENDIX

This cause was originally filed in the United States District Court for the Northern District of Alabama, Southern Division, and transferred to this Court for the convenience of the parties. Both plaintiff, a South Carolina corporation, and defendant, an Indiana association, are authorized to do business in Mississippi. An amended motion to dismiss,

filed after the transfer, was overruled, this Court retaining jurisdiction.

The action is a declaratory one seeking to fix insurance liability arising out of a motor vehicle accident, and has been submitted to the court on the pleadings, a pre-trial order containing stipulated facts and disputed facts, exhibits, depositions and briefs.

The accident, giving rise to the dispute, occurred during the early morning hours of January 19, 1968, on a bridge on Interstate Highway No. 10 in south Louisiana, when a tractor-trailer unit, hauling a load of iced, processed chickens, from Collins, Mississippi, to New Orleans, Louisiana, crashed into a vehicle halted on the bridge which in turn collided with a vehicle ahead of it, resulting in two deaths and injuries to the occupants of both vehicles, all of whom were residents of Louisiana.

Crawford Sullivan, a resident of Collins, Mississippi, owned the Chevrolet tractor involved in the accident. As the refrigerated Dorsey trailer which he normally used with his tractor was in need of repair, he borrowed from his brother, Gerald Sullivan, also a resident of Collins, an Andrew trailer to use as a temporary substitute in order to transport the chickens for Collinswood Poultry & Egg Company of Collins. Crawford Sullivan had no business relationship with Gerald Sullivan, their sole relationship being that of brothers, and he gave no consideration for the use of the trailer. Crawford simply borrowed it with Gerald's permission. At the time of the accident, the driver of the tractor-trailer unit was one Leon Thrash, an employee of Crawford Sullivan.

Canal Insurance Company, plaintiff referred to hereinafter as Canal, issued a liability policy to Crawford Sullivan as the named insured. Plaintiff admits that Thrash, as an employee of Crawford Sullivan was an omnibus insured under the policy. Crawford's Chevrolet tractor in use at the time of the accident was not described in the Canal Policy but Canal admits that coverage as to it was extended after the accident under policy

Insuring Agreement IV (a) (4) (i). The Andrews trailer was covered by a policy of defendant, State Automobile Insurance Association, hereinafter referred to as State, issued to Gerald Sullivan as the named insured. Canal admits that Gerald's Andrews trailer was a temporary substitute vehicle within the meaning of its policy, but avers that it was the insured trailer within the meaning of State's policy.

Before any negligence suits were filed on account of the accident, Canal filed this action to determine (1) whether either insuring company under its respective policy provides coverage, (2) which of said policies offers primary or only excess coverage, or (3) whether the two companies should share coverage on a pro rata basis. Since the filing of the action, both Sullivans, Thrash, and Collinswood Poultry & Egg Company, none of them being parties to this action, have variously been sued by the Louisiana claimants, nor are any of them parties to this action, and all three cases, after the dismissal of Gerald Sullivan in the one action in which he was a defendant, have been settled with the consent of both Canal and State.

Canal now takes the position that the amount of the total settlement, the policies providing the same limits of coverage, should be shared equally by the respective companies. State admits it issued a policy to Gerald Sullivan covering the Andrews trailer, but claims said trailer was not physically involved in the accident, contributed nothing to it, and under the circumstances of its use at the time of the accident was excluded from coverage, or in the alternative that State is liable for only excess coverage. As the total settlements did not exceed the limits of either policy, excess insurance is no longer a factor, the sole issue being whether the parties should share liability equally.

There are three factual issues raised by the pre-trial order as supplemented:

(a) Whether Crawford Sullivan was engaged in the business of transporting property by truck for MFC Services

(A.A.L.) (Collinswood Poultry & Egg Company) and was a regulated contract carrier hauling property for others.

(b) Whether Gerald Sullivan, defendant's named insured, was a regulated contract carrier with a route which was the same as the route taken by Crawford Sullivan's driver on the occasion of the accident.

(c) Whether the trailer collided with one of the automobiles involved in the collision.

As to the first two, the separate depositions of Gerald and Crawford Sullivan leave no doubt but that neither was a regulated contract carrier as defined in State's "long haul truckmen-limited" endorsement, neither having been authorized by federal or public authority to operate over a designated route. However as the Andrews trailer was not a vehicle listed on the limiting endorsement, the Court finds that the endorsement has no effect on the decisive issue. As to the third factual dispute, State contends that the trailer portion of the unit did not cause or contribute to the accident, and that therefore defendant's policy is not applicable. The Court disagrees with the factual contention. Here the tractor and trailer were operated together as a unit, both being under the control, or lack of it, of the driver. The case of Brady v. American Insurance Company, La.App., 198 So.2d 907, cited by defendant is not analogous for in that case the court plainly found that the injury was due to the faulty loading of the trailer, not the negligence of the driver of the combined unit of tractor and trailer.

As indicated above there is no dispute as to the fact that Canal gave primary coverage to the Chevrolet tractor. Canal further concedes that the Andrews trailer at the time of the accident was a temporary substitute vehicle as defined in Paragraph IV (a) (3) of its "Insuring Agreement", with excess insurance applicable to it as provided in Paragraph 13 of "Conditions", which reads in part: " * * * provided, however, the insurance with respect to temporary substitute automobiles under insuring Agreement IV * * * shall be excess insurance over any other valid and collectible insurance." If as stated above, excess insurance is no longer a factor, then a consideration of the above is immaterial, and it only remains to determine from State's policy whether it extended coverage to the trailer under the circumstances of its use at the time of the accident, or whether coverage was excluded as contended by State.

State relies on Section (c) of its "Exclusions", which provides that the policy does not apply:

"(c) under coverages A and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company, or *while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company;*". The key is "insured." Had the [italicized] clause recited "owned or hired by the *named* insured (Gerald Sullivan), the exclusion would not apply, for the automobile (or tractor) was not owned by Gerald Sullivan, the named insured. State urges that under its definition of "insured",[1] Crawford Sullivan and Leon Thrash, his employee, became State's insured when Gerald Sullivan permitted Crawford to use the trailer. See Travelers Indemnity Co. v. Watkins, Miss., 209 So.2d 630. By paraphrasing the [italicized] portion of the above exclusion, State contends that it policy excludes coverage for the Andrews trailer while it was being used with the Chevrolet tractor owned by Crawford which tractor was not covered

---

1. "Insuring Agreements, III Definition of Insured:

(a) With respect to the Insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured. * * * and also includes any person using the automobile, provided the actual use of the automobile is * * * with * * * permission."

by like insurance with State. See Penn. Th. & F. Mut. Cas. Ins. Co. v. Hartford Acc. & I. Co., 4 Cir., 310 F.2d 618; Hartford Acc. & I. Co. v. Shaw, 273 F.2d 133; and Yellow Transit Freight Lines, Inc., et al. v. Houston Fire & Casualty Ins. Co., Tex.Civ.App., 254 S.W.2d 891.

Canal's policy contains an identical definition of "insured", and an identical exclusion clause as standard language in automobile liability policies. Although the clauses are identical, based upon the facts herein, Canal's language is not applicable to effect an exclusion; in State's policy the language does effect an exclusion.

Accordingly, the suit is dismissed at the costs of plaintiff.

An order may be so drawn and submitted.

(Signed) DAN M. RUSSELL, JR.
UNITED STATES
DISTRICT JUDGE