**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellee,**

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Defendant-Appellant.**

No. 74–1689.

United States Court of Appeals, Sixth Circuit.

June 12, 1975.

clause and an exclusion clause in an automobile insurance policy issued by Federated. We affirm.

Federated Mutual Insurance Company (Federated) issued an automobile liability policy to Hub City Equipment Leasing Company (Hub City) for the period May 6, 1970 through May 6, 1971 for a number of vehicles used in its Jackson, Tennessee business. Among the vehicles covered was a 1970 International truck tractor.

On November 28, 1970, Frank Allen, as President of Brazil Gin Company, his wholly-owned corporation, rented this tractor from Hub City to haul his individually owned trailer containing cargo belonging to the corporation. In the rental agreement, the lessee was designated as "Mr. Frank Allen—Firm—Brazil Gin Company." The Allen trailer was insured by the Insurance Company of North America (INA).

During the transportation of the cargo, Lorenzo Hayes, the tractor driver, who was an employee of both Allen and Brazil Gin, negligently collided with a passenger automobile and killed its occupant. The widow of the decedent sued Allen and Brazil. INA defended the action and eventually settled the claim on behalf of both Allen and Brazil for $30,-000. Federated refused to participate in either the negotiations or the settlement. This action for contribution followed.

In the district court, INA contended that Federated was liable for payment of the portion of the settlement charged to Brazil Gin because it was an "insured" under the "Omnibus Clause" in the policy issued to Hub City. That clause defined "insured" in relevant part as follows:

. . . (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and . . . also includes any person while using the automobile; and any person or organi-

Hewitt P. Tomlin, Jr., Waldrop, Hall, Tomlin & Farmer, Jackson, Tenn., for defendant-appellant.

Jerry D. Kizer, Jr., W. R. Menzies, Jr., Jackson, Tenn., for plaintiff-appellee.

Before CELEBREZZE and McCREE, Circuit Judges, and DeMASCIO *, District Judge.

McCREE, Circuit Judge.

Federated Mutual Insurance Company appeals from a judgment in a nonjury trial requiring it to contribute to the settlement of a death claim by Insurance Company of North America after Federated Mutual declined to participate in the defense or negotiation of the claim. It requires us to construe in accordance with Tennessee law an omnibus insuring

* The Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, sitting by designation.

zation legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.

Because Brazil Gin was an "organization legally responsible for the use" of the Hub City tractor, INA argued that Brazil was an additional insured under the policy.

On the other hand, Federated contended that Allen, and not Brazil Gin, was legally responsible for the use of the tractor, and that even if Brazil Gin were legally responsible as employer of the driver, and was therefore an additional insured, Federated's policy did not cover the claim because of an exclusion clause. The pertinent portion of this clause provides:

This policy does not apply:

(c) under coverages A and B, while the automobile [tractor] is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company. . . .

The heart of Federated's argument is that because the tractor was leased by Allen who was an additional insured and was pulling a trailer owned by Allen and not insured by Federated, the trailer was a "trailer owned or hired by the insured and not covered by like insurance" with Federated within the meaning of the exclusion clause.

INA contended first, that because Brazil Gin neither owned nor hired the Allen trailer, the exclusion clause did not apply, and second, that Federated should be estopped from relying on the exclusion clause because to give it effect would render coverage of the Hub City tractor virtually nonexistent.

The district court concluded that Brazil Gin was an additional insured because it was legally responsible for the operation of the tractor, and that Brazil Gin was vicariously liable for Hayes' negligence because Hayes, at the direction of Allen as President of Brazil Gin, was transporting the corporation's cargo and was paid by the corporation. It also held that the exclusion clause did not apply to Brazil Gin both because Brazil Gin neither owned nor hired the Allen trailer, and because Federated was estopped from relying upon the clause.

On appeal, Federated contends that the district court erred in holding that Brazil Gin had a relationship of respondeat superior to Hayes; that the exclusion clause could not be applied to this Hub City tractor lessee which neither owned nor hired the trailer attached to the insured tractor; and that Federated was estopped from relying on its exclusion clause.

■ In Tennessee, an employer is responsible for the torts committed by its employee acting within the scope of his employment. *Leeper Hardware Co.* v. *Kirk,* 58 Tenn.App. 549, 434 S.W.2d 620, 623 (1968). The district court determined, and its determination is supported by the record, that Hayes was an employee of Brazil Gin, acting within the scope of his employment at the time of the accident. Accordingly, Brazil Gin was liable under the doctrine of respondeat superior for the tort committed by Hayes, and was, as a lessee of the tractor and as an employer of Hayes, an additional insured under the Federated policy.

We also decide that the district court's determination that the Tennessee Supreme Court would not give effect to the exclusion clause is correct.

The courts of Tennessee have considered in only a few cases exclusion clauses identical or substantially similar to the one contained in the Federated policy. In *Blue Ridge Insurance Co.* v. *Haun,* 197 Tenn. 527, 276 S.W.2d 711 (1954), where the primary question was whether a "hotrod" was a trailer, the court held that the exclusion clause barred recovery when an insured non-commercial passenger automobile, pulling an insured "hotrod", became involved in an accident. In *State Farm Mut. Automobile Ins. Co.* v. *Bass,* 192 Tenn. 558, 241 S.W.2d 568 (1951), the Supreme Court of Tennessee determined that an

insurance company that had issued a policy covering a tractor and a trailer was not liable, because of its exclusion clause, for damages arising from a collision occurring while the *named insured* was using his tractor to pull a different trailer not insured by it.

In neither case was the contention made that the insurance company was aware of facts about the insured's business that rendered the coverage of the insurance policy less comprehensive than the insured might reasonably have expected it to be. However, when an insurer is made aware of the method of operation of the insured, Tennessee courts have not permitted the company to rely on the literal terms of an exclusion clause to avoid coverage reasonably expected by the policyholder. Thus, in *Johnson Transfer & Freight Lines, Inc. v. American National Fire Insurance Co.,* 168 Tenn. 514, 79 S.W.2d 587 (1935), cited by the district court, the court considered the assertion of the insurance company that because its policy covered only property carried on a tractor insured by it, it was not liable for damages to goods transported on a trailer that it had not insured when the trailer was being towed by the insured tractor. In refusing to give effect to the exclusion clause it stated:

> The bill sets out that the particular automobile above described (the one involved in the accident) has no facilities for hauling property of itself, but is a tractor designed to bear a portion of the weight of a semitrailer. The insurance company must accordingly have contemplated when it issued a policy to cover goods transported by this particular automobile that the goods would be transported in some vehicle attached to the machine. The motor number and letters by which the machine is described in the policy would disclose to an automobile insurer, no doubt, the nature of the automobile—that it was only a tractor not designed to carry goods. . . . [Accordingly, the insurer had knowledge of the nature of the equipment.]

The insurer certainly intended to execute a valid contract in return for the premium received, not to issue a cargo policy and confine its coverage to a vehicle that could carry no cargo.

It is a familiar rule that where the insurer, at the time of the issuance of a policy, has knowledge of existing facts which, if insisted upon, would render nugatory the contract from its very inception, such knowledge constitutes a waiver of conditions in the contract inconsistent with the known facts, and the insurer is estopped thereafter from asserting the breach of such conditions. [Citations omitted.]

In *T. H. Hayes & Sons v. Stuyvesant Ins. Co.,* 194 Tenn. 35, 250 S.W.2d 7 (1952), also cited by the district court, the Supreme Court of Tennessee held that when an automobile dealer wrote insurance for the vehicles he sold, he became an agent of the defendant insurance company and that his acquiescence in the purchaser's conversion of a truck into an ambulance bound the insurance company that had issued a policy for the truck.

Finally, in *Henry v. Southern Fire & Casualty Co.,* 46 Tenn.App. 335, 330 S.W.2d 18 (Tenn.Ct.App.1958), *cert. denied* by the Tennessee Supreme Court (1959), the court considered a claim for damages arising from the collision of an automobile and an uninsured trailer that had broken loose from an insured tractor being used to transport logging equipment. The insurance company had refused to pay the claim relying on an exclusion clause identical to the one contained in the policy issued by Federated. Because the insureds contended that the insurance company's agent was familiar with their operation and had assured them that all their logging operations were covered by the policy, the court remanded the case for trial observing that if the policyholders' testimony were believed, the insurance company would be barred by the doctrine of estoppel from disclaiming liability.

In the case before us, the district court found:

. . . Federated had knowledge, through its agent-employee who handled this coverage with Hub City, that the truck-tractors listed on the policy (including this one) could be used only for pulling trailers, that Hub City would not be using such truck-tractors itself to pull trailers, that Hub City had no trailers to use or to lease, and that Hub City was in the business of and would be leasing such truck-tractors to others to pull trailers. . . .

It is clear that Federated actually had knowledge of the aforementioned facts that would, if the exclusion applied, render nugatory its coverage with respect to the truck-tractors list-ed on its policy, and further that, under a line of Tennessee cases, such knowledge would ordinarily take away the defense based on the exclusion.

■ The findings of the district court about Hub City's operations and Federated's knowledge of them are not clearly erroneous. Merely because the insured's tractors *could be* used alone does not save the exclusion clause from invalidity when as a practical matter the tractors will not be used alone.[1] In each of the cases in which the Tennessee courts have not permitted insurance companies to disclaim liability because of an exclusion clause, the insured vehicle could have been used in a way that would have afforded coverage for the premium charged. The Tennessee rule that emerges from these cases appears to be

---

1. The lease agreement contains the following provisions respecting insurance and coverage.

PUBLIC LIABILITY AND PROPERTY RESPONSIBILITY TO THE PARTIES:

11. Renter being one of the assured under the public liability insurance policy covering said vehicle agrees to comply with all the terms and conditions of said policy, which by reference thereto are incorporated herein and made a part hereof.

12. a. The Liability insurance coverage referred to in paragraph (11) hereof shall not exceed $100,000 for each person injured subject to a limit of $300,000 for all injuries resulting from any one accident; the property damage coverage is limited to $25,000 for all property damage resulting from any one accident.

b. In the event that the Owner, notwithstanding any of the applicable provisions of this agreement, is required by any statute, ordinance or other regulation to extend insurance coverage to the Renter, such coverage shall be limited to the statutory financial responsibility minimum and shall be excess insurance.

c. Every accident must be immediately reported in writing to the station from which the vehicle is rented and in any event within 24 hours after the accident and Renter or driver must immediately deliver to the station from which the vehicle is rented or to the insurance carrier as soon as practicable every process, pleading or paper of any kind relating to any and all claims, suits and proceedings received by Renter or driver. The Renter and driver shall not in any manner aid and abet any claimant but shall cooperate fully with the insurance company and Owner in all matters connected with the in-vestigation and defense or prosecution of any claim or suit.

13. Said insurance coverage does not cover:

a. Injuries sustained by the Renter, driver or passengers or guests while riding in or alighting from or getting into or on said vehicle or liability imposed upon or assumed by the assured under any Workmen's Compensation Act, plan or law in any contract of whatever nature and the Renter expressly agrees to indemnify the Owner for any and all losses, damage, cost or expense paid or incurred by Owner or its insurance carrier because of injuries or damages sustained by occupants in said vehicle.

b. Damage to or destruction of property owned by or rented to, in charge of or transported by the Renter or any person operating the vehicle rented hereunder and if there is reasonable evidence of a violation of any of the terms and conditions of this rental agreement then Renter agrees that the property damage coverage provided for herein shall be void and of no effect and Renter expressly agrees to indemnify Owner for any and all losses, damage, cost or expense paid or incurred by Owner or its insurance carrier because of property damage caused by the operation of said vehicle in violation of said terms and conditions.

This provision of the lease agreement suggests that Hub City believed that its insurance with Federated provided protection to lessees of its vehicles. This expectation is a reasonable one considering Federated's knowledge of Hub City's operation, and it is also reasonable to expect that lessees of Hub City's vehicles relied on the insurance representation in the lease agreement.

that the determination whether an exclusion clause will be given effect depends, not only on the language of the provision, but also on whether, if the clause is given effect, the insurer, in light of its knowledge of the policyholder's business, would fail to provide the coverage that might reasonably be expected. In this case, the district court found that the insured tractors are not used by Hub City for its own purposes but are leased to haul trailers owned by other persons. If coverage is afforded only when a Hub City tractor is employed to tow a trailer not owned by Hub City but also insured by Federated, then the policy essentially affords no coverage for the premium collected.

■ We hold, therefore, that the district court did not err in concluding that the Tennessee Supreme Court would not give effect to the exclusion clause in the Federated policy.[2] Its conclusion is a permissible one in light of Tennessee law, and we decline to disturb it on appeal. *See, e. g., Lee Shops Inc. v. Schatten-Cypress Co.,* 350 F.2d 12, 17 (6th Cir. 1965), *cert. denied,* 382 U.S. 980, 86 S.Ct. 552, 15 L.Ed.2d 470 (1966), *Rudd-Melikian, Inc. v. Merritt,* 282 F.2d 924, 929 (6th Cir. 1960).[3]

Affirmed.

2. In view of our disposition of this issue, we need not decide whether the district court was correct in holding that Brazil Gin was not within the exclusion clause for the additional reason that it neither owned nor hired the trailer to which the Hub City tractor was attached. We also observe that our conclusion that the district court was correct in holding that Federated was estopped from relying on its exclusion clause would apply not only to that portion of the settlement made on behalf of Brazil Gin Company but also to that portion of the settlement made on behalf of Frank Allen. INA decided, however, during the trial of this cause, to seek contribution from Federated only with respect to that part of the settlement made on behalf of Brazil Gin.

3. In *Lee Shops, Inc.* v. *Schatten-Cypress Co.,* a case that required us to review an order of a United States district court in a breach of contract action controlled by Tennessee law, we stated:

CELEBREZZE, Circuit Judge (dissenting).

I respectfully dissent. I cannot agree with the majority's conclusion that the Tennessee Supreme Court would not give effect to the exclusionary clause in Federated's policy. The language of that clause expressly bars coverage when a tractor is used in the manner in which it was used here. The District Court's interpretation subverts the plain meaning of the exclusionary clause.

That clause states,

"This policy does not apply:

"(c) under coverages A and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company. . . ."

The District Court adopted INA's view that the exclusionary clause applied only "to an additional insured who owned or hired the trailer," so that the driver and Brazil Gin Company, neither of whom owned or hired the trailer, were not exempted from coverage.

The exclusionary clause plainly does not support this interpretation. It states that there is no coverage for anyone ("This policy does not apply") when the tractor is used to tow a trailer which is owned or hired by any insured under the

No case from Tennessee dealing with the precise point has been cited to us and we are uncertain as to how the Tennessee Courts would rule on the subject. We need decide only whether the District Judge reached a permissible conclusion in his determination of the local law.

In reiterating this rule of review of diversity cases, we relied on our earlier decision in *Rudd-Melikian, Inc.* v. *Merritt,* where we reviewed an action for breach of a franchise contract under Kentucky law and stated:

. . . the rule appears well settled that in diversity cases, where local law is uncertain under state court rulings, if a federal district judge has reached a permissible conclusion upon a question of local law, the Court of Appeals should not reverse, even though it may think the law should be otherwise. As said in a number of cases, the Court of Appeals should accept the considered view of the District Judge.

Omnibus Clause ("the insured") and which is not also insured with Federated. Since the trailer was owned by Allen but was not insured with Federated, the exclusion applies against all insureds.

The courts which have confronted identical language are in accord with this view. In *Yellow Transit Freight Lines, Inc.* v. *Houston Fire and Casualty Ins. Co.,* 254 S.W.2d .891 (Tex.Civ.App. 1952), an identical exclusionary clause was under consideration. The tractor owner's insurer contended that the driver was an additional insured under the policy covering the trailer and that, since the driver did not own or hire the tractor, he was not excluded from coverage. In rejecting this theory, the *Yellow Transit* Court stated:

> [A]ppellants [argue] that since [the driver] was neither the owner nor the hirer of the tractor he was insured under Appellee's policy although the owner of the tractor, Yellow Transit Freight Lines, Inc., was not so insured under the same policy by reason of the exclusion clause therein. However, appellants do not call attention to the fact that any settlement of the damage claims of the injured individuals as made on behalf [the driver] would likewise inure to the benefit of appellant, Yellow Transit Freight Lines, Inc., and absolve it from all further liability. Therefore, a final analysis of appellants' theory in the cause reveals that Yellow Transit Freight Lines, Inc., owner of the tractor, though barred from recovery against appellee by the policy exclusion, could in effect extend the protection of Appellee's written contract of insurance to cover any damage occasioned by its tractor merely by hiring [the driver] to drive the same.

> It is not a sound legal proposition that protection as agreed upon in a written contract of insurance between two persons can be extended to a third person who is expressly excluded as an insured under the terms of such policy merely by the act of such third party in hiring a driver for its tractor.[1]

*See also Transport Ins. Co.* v. *Employers Casualty Co.,* 470 S.W.2d 757 (Tex.Civ. App.1971); *Canal Ins. Co.* v. *State Automobile Ins. Ass'n,* 433 F.2d 373 (5th Cir. 1970).

The District Court stated that *Hartford Accident and Indemnity Co.* v. *Shaw,* 273 F.2d 133 (8th Cir. 1959), supported its interpretation of the exclusionary clause and that *Hartford's* reasoning was preferable to that of *Yellow Transit.* The *Hartford* Court, however, made only passing reference to the interpretation of an identical exclusionary clause, stating:

> It is essential in order to establish the exclusion that Hartford plead and prove that the trailer was owned or hired by the insured. There is some dispute as to whether the word "insured" in the trailer exclusion refers only to the named insured or whether it includes any person insured by the omnibus clause. For the purposes of this case we will assume without so deciding that the broader interpretation of the word "insured" is operative in the trailer exclusion. We find neither proof nor basis for inference that either Miller or Shaw owned or hired the trailer. The trial court expressly so held. It is clear that coverage as to Miller and Shaw is not barred by the trailer exclusion.[2]

The District Court erred in concluding that *Hartford* supported its decision to allow coverage to one insured when another insured clearly triggered the exclusionary clause. Since it did not reach the question of the coverage of the exclusionary clause, *Hartford* is not at variance with *Yellow Transit* and *Canal.*

The exclusionary clause plainly precludes coverage of Brazil because Allen owned the trailer and did not insure it with Federated.

The majority affirms the District Court on its alternative holding—that,

---

1. 254 S.W.2d at 893.

2. 273 F.2d at 139–40.

assuming the exclusionary clause applies, Appellant is estopped from relying on it. The majority states,

> If coverage is afforded only when a Hub City tractor is employed to tow a trailer not owned by Hub City but also insured by Federated, then the policy essentially affords no coverage for the premium collected.

Since Federated knew of the policyholder's business and since its policy "fail[ed] to provide the coverage that might reasonably be expected" by the insured, Federated is barred from denying coverage, the majority holds.

I have no quarrel with the majority's expression of Tennessee law. The finding that the policy provided *nugatory* protection to Hub City because it did not own or lease its own trailers is, however, clearly erroneous. The policy did afford coverage. First, it afforded coverage whenever the tractor was not towing a trailer, and there is no evidence in the record that this was not a significant amount of time the tractors were used. The majority merely assumes that "as a practical matter the tractors will not be used alone." Second, the policy afforded coverage whenever the tractor was towing a trailer which was insured with Federated and which was owned or hired by *any insured* under Federated's policy. Since an additional insured under the policy ordinarily owned or hired a trailer pulled by Hub City's tractors, the policy applied whenever such a trailer was also insured with Federated. When it was insured by another carrier, Federated's exclusionary clause meant that the other insurer bore the risk that the tractor and trailer would cause an accident. Third, coverage was provided whenever the tractor was used to tow a trailer not owned or hired by an insured. Again, there is no evidence that this situation did not arise in Hub City's business, and the burden rested on the party asserting estoppel to prove that the contract afforded no coverage.

Thus, the policy protections were not nugatory, and the Tennessee estoppel doctrine is inapplicable.

We should apply the exclusionary clause according to its plain meaning and should not expand the coverage freely contracted between the parties. I would reverse the District Court's Judgment and order entry of judgment for Appellant.