MILBURN, Circuit Judge.
Plaintiff appeals following the dismissal of his civil rights action brought under 42 U.S.C. § 1983 in which he claimed that he had been deprived of his property interest in continued employment without due process of law. Dismissal was based on the district court’s conclusion that under Kentucky law plaintiff did not have a protected property interest in employment as a police officer with the City of Morehead, Kentucky. For the reasons that follow, we affirm.
I.
On July 29, 1984, plaintiff’s employment of approximately ten years as a City of Morehead, Kentucky, police officer was terminated. Plaintiff was informed of his dismissal by a letter from Mayor John Hol-brook. Plaintiff was given no reason for his discharge, and no opportunity to be heard was provided.
On September 17, 1984, plaintiff filed the instant section 1983 action against Mayor Holbrook, individually and in his official capacity. In his complaint plaintiff advanced one theory for recovery; viz., that a property interest in continued employment had been created by the City of Morehead Code of Ordinances and that he had been deprived of this property interest without due process of law. On the same day, plaintiff filed a motion for a preliminary injunction. Acting pursuant to 28 U.S.C. § 636(b), the district court referred the motion for the preliminary injunction to a magistrate.
*1154 On October 9, 1984, defendant Holbrook filed a response to plaintiffs application for preliminary injunction. On October 17, 1984, plaintiffs brief to support his motion for a preliminary injunction was filed. In this brief plaintiff advanced roughly the same three theories now presented to this court; viz., that a property interest in continued employment had been created by: (1) section 35.34 of the City of Morehead ordinances, (2) section 95.700 of the Revised Kentucky Statutes, and (3) the customs and usages of the City of Morehead. The second and third theories were not advanced or otherwise suggested by the complaint.
In his Report and Recommendation entered October 31, 1984, the magistrate recommended that the preliminary injunction be denied. The magistrate’s recommendation was based on the following conclusion: “Upon review of the pertinent city ordinance and state law, it is determined that plaintiff's discharge did not deprive him of a property interest protected by the Fourteenth Amendment.” Pursuant to the rules of this circuit, the magistrate’s Report and Recommendation included the following statement:
Objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived.
In his objections to the Report and Recommendation, plaintiff advanced only one of the above arguments to the district court. Plaintiff argued that he “was covered by Section 35.34 of the [Morehead] Code of Ordinances, and therefore had a reasonable expectancy of continued employment unless the executive authority chose to follow the procedures set out in Section 35.-34.” Objections to Magistrate’s Report and Recommendation at page 7. This was the same argument suggested by plaintiff’s complaint. Plaintiff did not assert before the district court that a property interest had been created by customs and usages or section 95.700 of the Kentucky Revised Statutes. In its Memorandum Opinion and Order, entered November 28, 1984, the district court rejected plaintiff’s sole argument and denied the preliminary injunction.
On October 9, 1984, while the motion for a preliminary injunction was before the magistrate, defendant filed a motion captioned “Motion to Dismiss” and a “Memorandum in Support of Motion to Dismiss.” In the supporting memorandum, defendant referenced and attached numerous exhibits which were attached to the memorandum. These exhibits included a copy of plaintiff’s letter of dismissal, copies of statutes and ordinances relied upon by plaintiff, and a copy of police department operating procedures. So far as can be discerned from the record before us, plaintiff never responded to this motion. Pursuant to Rule 12(b), the district court, again in its Memorandum Opinion and Order entered November 28, 1984, treated defendant’s “Motion to Dismiss” as a motion for summary judgment and granted the motion.
Plaintiff appeals from the denial of his motion for a preliminary injunction and from the grant of the motion for summary judgment. On appeal plaintiff argues that the district court’s conclusion was erroneous in that his discharge did violate his due process rights. To support his position, plaintiff advances three theories. First, plaintiff asserts that a property right in continued employment was created by section 35.34 of the Morehead Code of Ordinances. Second, plaintiff asserts that section 95.700 of the Kentucky Revised Statutes created a property interest which survived the repeal of that statute due to Kentucky’s general savings statute, Ky. Rev.Stat. § 446.100. Third, plaintiff argues that he had de facto tenure under the customs and usages of the City. Plaintiff also argues that in converting defendant’s “Motion to Dismiss” to a motion for summary judgment, the district court failed to follow the notice provision of Rule 12(b).
II.
A. Denial of Preliminary Injunction.
1. Failure to Object.
In United States v. Walters, 638 F.2d 947 (6th Cir.1981), we held that “a *1155 party shall file objections [to a magistrate’s report and recommendation] with the district court or else waive right to appeal.” Id. at 950. This rule, the Supreme Court has recently noted, “precludes] appellate review of any issue not contained in objections [to the magistrate’s report] — ” Thomas v. Arn, — U.S. —, —, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985) (affirming this court’s application of the rule adopted in Walters). The only issue raised in plaintiff’s objection to the magistrate’s report was whether section 35.34 of the Morehead Code of Ordinances created a property interest in continued employment. Thus, in plaintiff’s present challenge to the denial of a preliminary injunction, that is the only issue properly before this court.
2. Property Interest Created by City Ordinance.
Plaintiff’s argument on this issue revolves principally around two sections of the City of Morehead Code of Ordinances. The first section provides:

§ 35.18 DISMISSAL.

(A) The appointing authority may dismiss an employee because of:
(1) Unsatisfactory performance of duties in the service;
(2) Action that reflects discredit upon the government;
(3) Hindrance of the performance of city functions.
(B) At least 2 weeks before the effective date of dismissal of an employee, the dismissing authority shall give written notice of the dismissal to the employee, or the employee shall receive 2 weeks pay.
(C) The dismissing authority shall be required to give in writing specific reasons for dismissal or demotion upon the written request of the employee.
(D) This section does not apply to any members of the police department.
Section 35.18 was passed in 1975 and amended in 1977. The second section provides in relevant part:

§ 35.34 DISCIPLINARY ACTIONS.

(A) This section shall be the sole and exclusive vehicle by which disciplinary measures shall be taken against any city employee, including members of the Morehead Volunteer Fire Department.
(B) Excepting department heads, no city employee shall be removed from the department or reduced in grade for any reason except inefficiency, misconduct, insubordination, or violation of law or violation of the rules adopted for the department, or the termination of a position.
The remainder of section 35.34 describes procedures to be followed in disciplinary actions. Section 35.34 was passed and amended in 1979.
Plaintiff argues, as he did before the magistrate and before the district court, that section 35.34 repealed section 35.18 by implication and that section 35.34 protects police officers. The district court held:
It is an established principle of Kentucky law that repeals by implication will be recognized only when clear and when necessary to carry out the obvious intent of the legislature..... In this case, the statutes can be read together without the necessity of finding a repeal or amendment by implication. Section 35.34 merely sets in place a procedure for a disciplinary hearing upon a discharge for those reasons set forth in § 35.18. Since § 35.18 does not apply to police officers, § 35.34 does not apply to police officers. We begin our review of this issue by
noting that “[i]n the absence of ‘reported [state] decision[s] on the precise issue involved,’ this court ... gives ‘considerable weight’ to the district judge’s interpretation of state law.” Randolph v. New England Mutual Life Insurance Co., 526 F.2d 1383, 1385 (6th Cir.1975) (quoting Filley v. Kickoff Publishing Co., 454 F.2d 1288, 1291 (6th Cir.1972)). “Accordingly, ‘if a federal district judge has reached a permissible conclusion upon a question of local law, the Court of Appeals should not reverse even though it may think the law should be otherwise.’ ” Martin v. Joseph Harris Co., 767 F.2d 296, 299 (6th Cir.1985) *1156 (quoting Insurance Co. of North America v. Federated Mutual Insurance Co., 518 F.2d 101, 106 n. 3 (6th Cir.1975)).
Applying this standard to the instant case, and upon consideration of the record, briefs, and oral argument, the court is unable to conclude that the district court misinterpreted local law. Since plaintiff did not have a property interest in continued employment, the district court did not err in denying plaintiff’s motion for a preliminary injunction.
B. Grant of Motion for Summary Judgment.
1. Conversion of Motion to Dismiss to a Motion for Summary Judgment.
As noted, plaintiff argues that the district court committed reversible error by converting defendant’s “Motion to Dismiss” to a motion for summary judgment. Specifically, plaintiff argues that the district court failed to follow the notice provision of Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b) provides in relevant part:
If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
Plaintiff’s argument on this issue was raised for the first time in his reply brief. Accordingly, it will not be considered on appeal. See, e.g., Beerly v. Department of Treasury, 768 F.2d 942, 949 (7th Cir.1985), cert. denied, — U.S. —, 106 S.Ct. 1184, 89 L.Ed.2d 301 (1986); United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir.1984); Howard v. Pierce, 738 F.2d 722, 723 n. 2 (6th Cir.1984); Nissho-Iwai Co. v. Occidental Crude Sales, 729 F.2d 1530, 1539 n. 14 (5th Cir.1984); Dogherra v. Safeway Stores, Inc., 679 F.2d 1293, 1296 (9th Cir.), cert. denied, 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982). The reason for this rule is clear: “It is impermissible to mention an issue for the first time in a reply brief, because the appellee then has no opportunity to respond.” Knighten v. Commissioner, 702 F.2d 59, 60 n. 1 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983). We think application of this rule is particularly appropriate when the issue raised for the first time in reply is based largely on the facts and circumstances of the case or when resolution of the issue is not obvious.[1]
In Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 393 (6th Cir.1975), we held, “Whether notice of conversion is required or not depends on the facts and circumstances of each case. Where one party is likely to be surprised by the proceedings, notice is required.” See also G. & A. Books, Inc. v. Stern, 770 F.2d 288, 295 (2d Cir.1985) (“inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment”), cert. denied, — U.S. —, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986).
In Dayco we also quoted the following language from a Second Circuit opinion with approval: “defendants’ filing of affidavits with their motion essentially converted it into a motion for summary judgment, F.R. 12(b), and placed upon plaintiffs an obligation to reveal the merits of their case.” 523 F.2d at 392 (quoting Cook v. Hirschberg, 258 F.2d 56, 57-58 (2d Cir.1958)). Similarly, the Fourth Circuit has recently noted, “When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment.” Gay v. Wall, 761 F.2d 175, 177 (4th Cir.1985) (citing, with other authority, Dayco, 523 F.2d at 392-93).
In the instant case, material outside the pleadings had been submitted and was be *1157 fore the court for the seven-week period separating the “Motion to Dismiss” and the district court's Memorandum Opinion and Order. Thus, very arguably, plaintiff received adequate notice and had an adequate opportunity to file additional materials.
In any event, the issue presented in plaintiff’s reply brief is far from clear. Since defendant was deprived of an opportunity to address the issue by plaintiff’s failure to raise this issue in his original brief, we will consider the issue waived. See Nissho-Iwai Co., 729 F.2d at 1539 n. 14 (“An [appellant’s] original brief abandons all points not mentioned therein____”).
2. Theories Advanced On Appeal From Grant of Motion for Summary Judgment.
As noted above, plaintiff attempts to advance three theories to support his position that he had a property interest in continued employment. Only one of those theories, however, was advanced before the district court. It is fundamental that “parties cannot ... advance new theories or raise new issues in order to secure a reversal of the lower court’s” grant of summary judgment. 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2716, at 651-54 (2d ed. 1983) (footnotes omitted). Moreover, the general rule is that this court will not consider issues not raised in the district court. See e.g., Russ’ Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 217 (6th Cir.1985) (per curiam); Sigmon Fuel Co. v. TVA, 754 F.2d 162, 164-65 (6th Cir.1985).
As explained above, we are unable to conclude that the district court erred in holding that no property interest in continued employment was created by the More-head Code of Ordinances.
III.
In summary, we hold that only one of plaintiff’s theories for recovery is properly before this court. Since we find no error in the district court’s conclusion on that theory, the judgment of the district court is AFFIRMED.

. In so stating, we do not hold that application of the rule is limited to such circumstances.