DAVID L. WOOD, d/b/a Wood Produce Company v.
EMPIRE FIRE AND MARINE INSURANCE
COMPANY and BOL Associates, Inc.—
478 S.W.2d 69

Eastern Section. June 16, 1971.

Certiorari Denied by Supreme Court December 6, 1971.

Dennis L. Babb, Knoxville, for David L. Wood.

Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, for Empire Fire and Marine Ins. Co.

Frantz, McConnell & Seymour, Knoxville, for BOL Associates, Inc.

COOPER, P.J.(E.S.). David L. Wood, d/b/a Wood Produce Company, filed suit in the Chancery Court of Knox County seeking to have the court declare the policy of insurance issued complainant by the defendant Empire Fire and Marine Insurance Company, through the defendant BOL Associates, Inc., covered claims arising from a motor vehicle accident which occurred in Kentucky on February 7, 1970. BOL Associates, Inc. is a managing general insurance agency that brokers business of independent agents and represents Empire Fire and Marine Insurace Company and numerous other insurance companies as agent.

The record shows that for more than fourteen years, complainant obtained insurance coverage for his fleet of trucks and automobiles through Mr. Gene McClamroch of the McClamroch Insurance Company of Knoxville. Prior to the issuance of the policy that is the subject of this litigation, Wood had coverage with the Carolina Casualty Company under a policy due to expire on February 5, 1970. McClamroch ceased to represent Carolina Casualty and, as a consequence, notified Mr. Wood that on expiration of the existing policy, coverage would be placed with a company other than Carolina Casualty.

Gene McClamroch prepared an application for Mr. Wood and sent it to the BOL Associates on January 20, 1970. The application contained a notation that coverage was desired as of February 5, 1970. BOL quoted premium rates in response to the request from Mr. McClamroch and sent a regular BOL application form. The form, which was completed by Mr. McClamroch and signed by Mr. Wood and by Mr. McClamroch as agent, is dated February 2, 1970.

Mr. Wood testified that Mr. McClamroch told him on the date the application was completed he had insurance coverage from and after February 5, 1970.

The completed application form was received by BOL in Memphis on February 16, 1970. In the cover message, which was dated February 10, 1970, McClamroch requested BOL to:

"Please prepare policy from attached application and forward to us at your earliest convenience.

"Make filings in states listed on application."

BOL notified McClamroch by telephone that they could not issue the policy "because of lack of loss information and because of the state filings required."

On February 18th, 1970, McClamroch advised BOL that state filings would not be required and provided needed information concerning the loss experience of Wood Produce Company. With receipt of this information, a policy of insurance with Empire Fire and Marine was ordered and subsequently issued showing the effective date of the policy to be February 18th, 1970.

A truck belonging to Mr. Wood was involved in an accident in Kentucky on February 7, 1970, causing some $200.00 to $300.00 damage to the other vehicle and damaging Mr. Wood's equipment. Mr. Wood reported the accident to Mr. McClamroch, who in turn reported it to BOL. The date the accident was reported to BOL is in sharp dispute, Mr. McClamroch testifying he reported the accident to BOL by telephone on February 9th. Mr. Montgomery of BOL testified the accident was first reported on February 19th.

Coverage of the loss was denied by BOL and by Empire, precipitating this suit.

Wood charged in the original bill that BOL, as the agent of Empire Fire and Marine Insurance Company, had the authority to and did orally bind coverage to complainant effective February 5, 1970. On trial of the cause, which was by oral testimony, complainant also took the position that McClamroch was a soliciting agent for Empire, within the meaning of the term as used in

T.C.A. 56-705, and that Empire was bound by the assurances of coverage McClamroch gave Wood.

The Chancellor made a comprehensive finding of fact, including findings (1) that BOL Associates did not give an oral binder effective February 5, 1970, and (2) that McClamroch did not inform Mr. Wood that coverage was bound as of February 5th until after the accident giving rise to this suit had occurred. The Chancellor went on to state that, in his opinion, the theory that Mr. McClamroch was the soliciting agent with power to bind Empire was outside the pleadings and that, in any event, T.C.A. 56-705 was not effective to bind an insurance carrier through ''an insurance agent who is not the agent of that carrier.''

Mr. Wood filed a Petition for Change and Finding of Fact, specifically requesting the Chancellor to change his finding that Mr. McClamroch had not informed Mr. Wood that insurance coverage was bound on or prior to February 5, 1970, the expiration date of the Carolina Casualty policy.

The Chancellor overruled the Petition for Change and Finding of Fact. Mr. Wood then appealed to this court insisting (1) the preponderance of the evidence shows an oral binder of insurance coverage was given to be effective as of February 5, 1970, and (2) that the Chancellor erred in ruling that McClamroch was not the agent of Empire Fire and Marine Insurance Company.

On review of the testimony of the witnesses, the material parts of which are summarized above, we find that we concur in the Chancellor's finding that BOL did not

orally bind coverage as of February 5, 1970. We find, however, that the preponderance of the evidence shows that Mr. McClamroch represented to Mr. Wood, on February 2, the date the BOL application was completed, that he had coverage effective February 5th.

The question then is: Is Empire Fire and Marine bound by the representation of Mr. McClamroch? We think so.

T.C.A. 56-705 provides that:

"[A]ny person who shall solicit an application for insurance shall in all matters relating to such application and the policy issued in consequence thereof be regarded as an agent of the company issuing the policy, and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever . . ."

In considering the effect of this statute, the Supreme Court of this state pointed out in Maryland Casualty Co. v. McTyier, 150 Tenn. 691, 266 S.W. 767, 48 A.L.R. 1168 that:

"It is apparent that the legislature purposed affording to the insured a responsible connection with the insuring company, with which he was dealing, . . . [and]

"The act contemplates that one who is recognized by an insurer as suitable and competent to handle its funds and deliver its policies is also suitable to represent it in respect to other matters arising in connection therewith."

The court also quoted with approval from Continental Insurance Co. v. Ruckman, 127 Ill. 364, 20 N.E. 77, 11 Am.St. Rep. 121, as follows:

"The manifest intention was, to make such companies responsible for the acts not only of its acknowledged agents, etc., but also of all other persons who in any manner aid in the transaction of their insurance business. Nor do we see anything inequitable or oppressive in such provision. Doubtless the mere assumption of authority to act for an insurance company will not of itself charge the company with responsibility for the acts of the assumed agent. The company must in some way avail itself of such acts, so that the person performing them may be said to aid the company in its insurance business. But after a company has availed itself of the acts of an assumed agent, and thus adopted them as its own, there is nothing oppressive in assuming, as against such company, the existence of the relation of principal and agent, and charging the company with responsibility for such acts."

In holding that an automobile sales agency which sold a policy of insurance in connection with the sale of an automobile became the agent of the insurance company not only in matters relating to the application but as to all matters relating to the policy, the Supreme Court pointed out in T. H. Hayes & Sons v. Stuyvesant Insurance Company, 194 Tenn. 35, 250 S.W.2d 7, that:

"There is no indication (in the statute) that the Legislature intended to limit the meaning of 'person' to insurance agents as a class, and had that been the intent, we must presume that the Legislature would have used the word 'agent' and not 'person'.

"Furthermore, acceptance of this construction of the statute would be to reject that announced in Maryland Casualty Co. v. McTyier, supra, where the Court said:

" '* * * when considered in its context we are of the opinion that this term includes broadly any person who holds himself out as an insurance agent and thus invites and receives insurance business, collecting and transmitting premiums and delivering policies and receipts.' "

This Court in Maryland Casualty Co. v. F. B. Hunter & Co., 8 Tenn.App. 516, emphasized that:

"The Act of 1907 [now T.C.A. 56-705] had no purpose to affect the relation of solicitors of insurance and the company issuing the policy as between themselves. This was left to be regulated by the contract. It was only intended to apply as between the company and the insured. The statute might have been written with the same meaning without use of the word 'agent'. It might have provided that where an insurance company accepts the application for a policy tendered by a broker for another, and issues the policy, so far as that policy is concerned the knowledge and conduct of the broker shall bind the company and not the insured. The effect would be the same.

"The company cannot complain of this. It need not consider an application for insurance from any one except a regular agent with whom the company is well acquainted, in whom it has implicit confidence, and who can be put under bond if so desired, but if it receives the application and issues the policy it must do so with the understanding that as to the insured, the company will

be bound by the knowledge and conduct of the intermediary as if he were an agent of the company." Of like import see Shelby Mutual Ins. Co. v. Wilson, 53 Tenn. App. 428, 383 S.W.2d 791. Compare Commercial Standard Ins. Co. v. Paul, 35 Tenn.App. 394, 245 S.W.2d 775. Hannah v. State Farm Mutual Ins. Co., 6 Cir., 403 F.2d 375.

The policy application filed with BOL and Empire shows on its face that "William E. McClamroch, 1114 W. Clinch Avenue, Knoxville, Tenn." was the agent that dealt with Lynn Wood and secured Lynn Wood's application. With this knowledge, Empire elected to issue the policy and accept the yearly premium, which was in excess of $8,000.00. By doing so, under the authorities cited above Empire became bound by the representation made by McClamroch to Mr. Wood that insurance coverage would be effective as of February 5, 1970.

It is strenuously argued by counsel for Empire that a finding of coverage by Empire on the basis that McClamroch was the soliciting agent with power to bind Empire was outside the pleadings. We think the recitation of events in the original bill, together with the relief sought, are broad enough to permit a consideration of the theory.

The decree of the Chancellor will be modified to show that the policy issued Wood by Empire Fire and Marine Insurance Company was effective as of February 5, 1970. That part of the Chancellor's decree relating to the BOL Associates, Inc. is affirmed.

Costs incident to the appeal are adjudged against Empire Fire and Marine Insurance Company.

Parrott and Sanders, JJ., concur.