Rose Nelle ANDERSON, d/b/a
Anderson Insurance Agency,
Plaintiff-Appellant,

v.

DUDLEY L. MOORE INSURANCE COM-
PANY and St. Paul Fire and Marine
Insurance Company, Defendants-Appel-
lees.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Feb. 19, 1982.

On Petition to Rehear March 15, 1982.

Permission to Appeal Denied by
Supreme Court June 7, 1982.

William S. Williford, Gainesboro, for plaintiff-appellant Rose Nelle Anderson, d/b/a Anderson Ins. Agency.

Leon Burns, Jr., Cookeville, for defendant-appellee Dudley L. Moore Ins. Co.

William C. Moody, Nashville, for defendant-appellee St. Paul Fire and Marine Ins. Co.

## OPINION

CONNER, Judge.

This is a suit by Rose Nelle Anderson, d/b/a Anderson Insurance Agency, plaintiff-appellant,[1] against two insurance companies. The first, Dudley L. Moore Insur-

1. Hereinafter the parties will be referred to as in the trial court or by their names, as abbreviated.

ance Company, is an underwriter of fire insurance for which plaintiff acted as a broker. The second, St. Paul Fire and Marine Insurance Company, was plaintiff's errors and omissions carrier (hereinafter "e&o"). The claims against the two are mutually independent. However, they arise out of an insurance sales transaction whereby the agency represented instant coverage to a customer upon completion of an application for fire insurance, but failed to deliver to Dudley Moore the application prior to the occurrence of a loss.

Two determinative issues are raised. First, was a binding contract created between the plaintiff agency and Dudley Moore even though the agency failed to follow Dudley Moore's instructions as to the processing of insurance applications? If the answer to that question is in the negative, was the plaintiff's claim against its "e&o" carrier barred by its failure to comply with the provisions of the policy and/or the statute of limitations?

On January 6, 1973, Mr. and Mrs. Tommy Pruett made an application with the Anderson Agency for the fire insurance on their mobile home and contents. The representative of the agency assured Mr. Pruett that he had coverage as soon as he signed the application which was on a Dudley Moore form. However, the plaintiff thereafter failed to mail the application to Dudley Moore, the exclusive carrier that the Anderson Agency had used for this type of insurance, and no policy was ever issued.

Nearly three months later the Pruetts' mobile home burned. Damages were suffered by Mr. and Mrs. Pruett, alleged to be in excess of the limits of the insurance sought. The claim was reported to Dudley Moore. That insurer denied coverage because it had received no application and had issued no policy. After Dudley Moore denied coverage, plaintiff notified St. Paul of the potential claim under its "e&o" coverage.

In June, 1973, the Anderson Agency voluntarily paid the Pruetts $10,000.00 for the fire loss without any consultation with its "e&o" carrier, and took from them an assignment of rights against Dudley Moore. Subsequently, in October, 1974, plaintiff brought this action against Dudley Moore to recover the $10,000.00, alleging it was bound to treat the claim as if its policy of insurance had issued. Almost six years later on May 27, 1980, plaintiff amended its complaint to also include a cause of action against St. Paul. Both defendants moved to have the claims against them dismissed. In granting the motion as to Dudley Moore, the chancellor held:

> ... it appears to the Court that the position of the plaintiffs is not supported by the proof; the Court finding (sic) that the proof does not show that a signed application of insurance by Tommy Pruett was ever mailed to the Moore Group and its companies and proof does not show that such application was received by the Moore Group or any of its companies; and further the Court finds that there is no cause of action existing between the plaintiffs against the Dudley L. Moore Insurance Company....

Likewise, the chancellor dismissed plaintiff's complaint against St. Paul, finding that plaintiff voluntarily paid the Pruett's claim in violation of its contract with the carrier, and further that the action was barred by the statute of limitations. Plaintiff appeals as to both insurers.

Only if plaintiff is not entitled to relief against Dudley Moore is it necessary to consider the claim against St. Paul.

■ The Anderson Agency was not Dudley Moore's general agent, but merely an authorized broker. It had been given instructions by Dudley Moore concerning the proper method by which to effect insurance coverage through Dudley Moore for its clients. Those directions stated:

> *COVERAGE EFFECTIVE*
> UNLESS designated an "UNACCEPTABLE" or "SUBMIT" application within the appropriate Rating Section, *COVERAGE IS EFFECTIVE the exact time ap-*

*plicant signs the application, PROVIDED application is FULLY completed (sic) is legible and is postmarked and mailed, within 24 hours from date of applicant's signature.* If no time is shown on the application, coverage is effective at 12:01 A.M. the day FOLLOWING envelope postmark. Producer's Net Check must be attached UNLESS he has obtained our written approval to pay by monthly account. (Emphasis supplied.)

The chancellor found that plaintiff did not comply with these terms. That finding, accompanied by a presumption of correctness, T.R.A.P. 13(d), is fully sustained by the proof. In our view by failing to comply with these instructions, plaintiff, rather than Dudley Moore, became the insurer of the Pruett's loss. *See O'Shea v. First Federal Savings & Loan Association of Columbia,* 218 Tenn. 619, 405 S.W.2d 180 (1966); 4 J. APPLEMAN, INSURANCE LAW AND PRACTICE § 2261 (1969).

Plaintiff initially argues that the language of the directive is ambiguous and should be resolved against the insurance company and in favor of coverage. It is possible that this argument might be made between an insurer and the insured. *See Travelers Insurance Co. v. Aetna Casualty & Surety Co.,* 491 S.W.2d 363 (Tenn.1973). However, we see absolutely no basis therefor as between the carrier and the agency. The directions used here are clear, unambiguous and specific regarding the terms under which Dudley Moore could be bound.

■ When the carrier places reasonable and specific requirements upon the agency's ability to bind it, as here, and the agent fails to comply with those requirements, as between the two the agent must bear responsibility.

Plaintiff contends that Dudley Moore was obligated under the insurance binder between itself and the Pruetts because it had committed the carrier to an oral contract of insurance by its real, apparent or statutory authority to act. We believe this contention to be erroneous.

■ While we do not dispute the fact that oral insurance contracts can exist under the proper circumstances, this simply is not such a case, at least between the principal and the agent. The duration of an oral contract of insurance is in all events limited to the time reasonably necessary for the insurer or its agent to issue a written agreement. *Epstein v. Great American Insurance Co.,* 54 Tenn.App. 447, 452, 392 S.W.2d 331, 333 (1965). *See also Continental Insurance Co. v. Schulman,* 140 Tenn. 481, 205 S.W. 315 (1918). Nearly three months passed without issuance of a policy in the instant case because plaintiff—not Dudley Moore—failed to meet its business responsibilities. This certainly exceeded the length of time reasonably necessary for the agent to follow instructions, forwarding the application to the insurer so that a policy could issue to the Pruetts. No obligation, oral or otherwise, existed at the time of the loss as between plaintiff and Dudley Moore.

■ Plaintiff contends that there was a statutory basis for Dudley Moore's liability pursuant to T.C.A. § 56–6–124. That law provides as follows:

> *Agent is representative of insurer.* —Every agent or limited insurance representative who solicits or negotiates an application for insurance of any kind shall, in any controversy arising from the application for insurance or any policy issued in connection therewith between the insured or his beneficiary and the insurer be regarded as the agent of the insurer and not the insured or his beneficiary. This provision shall not affect the apparent authority of an agent.

This statute provides no solace to plaintiff. It simply provides that in disputes between the insured or his beneficiary and the insurer any insurance agent shall be regarded as an agent of the insurer—not of the insured or his beneficiary. However, it has no efficacy or application to this situation, a dispute between the insurer and its agent. *See Wood v. Empire Fire & Marine Insurance Co.,* 63 Tenn.App. 680, 687, 478 S.W.2d 69, 72 (1971). This is a matter of contract between Dudley Moore and the Anderson Agency.

■ Plaintiff's brief spends much time discussing the doctrine of real, apparent and statutory authority as between Pruett, the insurance applicant, and the purported insurer, Dudley Moore. However, we believe plaintiff misperceives the applicability thereof. By taking an assignment of the Pruetts' rights the Anderson Agency obtained no greater claim against Dudley Moore than it originally had and it cannot avoid the consequences of its own negligent failure to meet its contractual obligations with Dudley Moore by so doing. Or stated differently, if under one or more of those doctrines the Pruetts may have had a cause of action against Dudley Moore, based on the proof in this case Dudley Moore would have had a valid claim against the Anderson Agency. The agent must adhere to the instructions of his principal and if the agent fails to do this, "he thereby renders himself responsible to his principal for all losses and damages which are the natural consequences of his act. . . ." *Corbitt v. Federal Kemper Insurance Co.,* 594 S.W.2d 728, 737 (Tenn.App.1980).

Plaintiff further claims that if Dudley Moore has no obligation to it, which we have so found, that it was entitled to relief under its "e&o" coverage from St. Paul. This claim is without merit for two reasons.

■ First, Anderson made a *voluntary* payment to the Pruetts for their loss, without consulting St. Paul. This was in express violation of the "e&o" policy provisions. The policy required:

> ASSISTANCE AND COOPERATION OF THE INSURED. The Insured shall cooperate with the Company and upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. *The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense.* (Emphasis supplied.)

Although St. Paul had notice of a potential demand, plaintiff never made any formal request that the carrier investigate, defend, or pay the claim until long *after* it had made the *ex parte* payment to Mr. and Mrs. Pruett.

Plaintiff contends that the contract language relating to voluntary payments, *supra,* relates only to disbursements involving expenses of litigation and investigation. If this construction were placed on the policy, an insured with "e&o" coverage could determine what sums to pay when a claim is made and thereafter make demand upon the carrier for reimbursement without the carrier ever having any input in the process. Such a construction would be extremely illogical and unreasonably restrictive. Beyond that it would require that the express words contained in the agreement be ignored.

■■■■ Plaintiff's claim is also barred by the six-year statute of limitations. Whether the statute begins to run from the date of the agency's negligent actions in failing to mail the binder, from the date of the Pruett's loss, or from the date of Anderson's gratuitous payment to the Pruetts, it is still forbidden by T.C.A. § 28-3-109(a)(3).[2] The last of these dates was June 2, 1973. Suit was not filed against St. Paul until May 27, 1980.

The insurance contract provides:

ACTION AGAINST COMPANY. No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this Policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

Relying upon that language, plaintiff maintains that the six-year limitations period would only begin running from the date of this adverse judgment against it. This position is untenable. To accept plaintiff's view would mean that the statute would never run under these facts—where there was no judgment against the insured *as a defendant,* but a voluntary payment of the claim by the agency. The fact that Dudley Moore received a favorable verdict as a defendant has no effect on the statute of limitations in this case where the "e&o" insured was the plaintiff. Further, as previously related, the insured did not fully comply with the terms of the policy. Finally, the insuring clause of the policy requires St. Paul to: "(A) Defend in [the Anderson Agency's] name and behalf any claim or suit *against* the insured alleging such negligent act, error or omission and seeking damages on account thereof. . . ." To this date there has never been any suit of this nature filed *against* the Anderson Agency arising out of this matter. The reason is obviously plaintiff's *ex parte* determination to pay the Pruetts, taking away from St. Paul the right to decide as the "e&o" carrier if that action was proper.

Plaintiff's claim of estoppel as to St. Paul is likewise without merit. Had the "e&o" carrier been asked to do something in relation to the claim which it had refused to do, or had suit been filed against the Anderson Agency and the carrier had failed to defend, plaintiff might have an estoppel argument. However, nothing of this nature happened. St. Paul was only "advised" of the matter and it was long after "the horse was out of the barn" before plaintiff looked to its "e&o" carrier for relief.

Accordingly, this cause is affirmed and remanded solely for the collection of costs which are taxed to the plaintiff.

AFFIRMED AND REMANDED.

TODD, P.J. (M.S.), and LEWIS, J., concur.

---

**2.** *Rent—Official misconduct—Contracts not otherwise covered—Title insurance—Demand notes.*—(a) The following actions shall be commenced within six (6) years after the cause of action accrued:

(3) Actions on contracts not otherwise expressly provided for.

## ON PETITION TO REHEAR

Plaintiff has filed a petition to rehear and asserts that:

> *PROPOSITION: The cause of action against Dudley Moore must be examined and treated as though the named Plaintiff were Tommy Pruett, the insured, instead of the insurance agency.*

Plaintiff further states in the Petition to Rehear that:

> Plaintiff agrees with the Court that in and of its own, Plaintiff had no rights against Dudley Moore.

> However, the insured, Tommy Pruett, did have rights and it is the Pruett Claim which Plaintiff now asserts.

We have not overlooked plaintiff's contentions. To the contrary, on page 5 and 6 of our original opinion with the intention of addressing this question we said:

> Plaintiff's brief spends much time discussing the doctrine of real, apparent and statutory authority as between Pruett, the insurance applicant, and the purported insurer, Dudley Moore. However, we believe plaintiff misperceives the applicability thereof. By taking an assignment of the Pruetts' rights the Anderson Agency obtained no greater claim against Dudley Moore than it originally had and it cannot avoid the consequences of its own negligent failure to meet its contractual obligations with Dudley Moore by so doing. Or stated differently, if under one or more of those doctrines the Pruetts may have had a cause of action against Dudley Moore, based on the proof in this case Dudley Moore would have had a valid claim against the Anderson Agency. The agent must adhere to the instructions of his principal and if the agent fails to do this, "he thereby renders himself responsible to his principal for all losses and damages which are the natural consequences of his act. . . ."

> *Corbitt v. Federal Kemper Insurance Co.,* 594 S.W.2d 728, 737 (Tenn.App.1980).

We reiterate our view that the plaintiff cannot create an otherwise non-existent cause of action against its principal simply by purchasing the claim of Tommy Pruett.

To do so would be to deny to the principal, Dudley Moore, an obvious right of action which it would have had against the existing plaintiff had Tommy Pruett, in the first instance, brought suit against either the principal alone, or the principal and the agent.

Stated differently, we do not believe this plaintiff can ultimately acquire by purchase rights sufficient to defeat the otherwise valid counterclaim, cross-claim, or defense, as the case might be, which Dudley Moore originally had against it herein.

The petition to rehear is respectfully denied.