765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SCRIPPS-HOWARD BROADCASTING COMPANY, INC., PLAINTIFF-APPELLANT,
v.
REGENCY ELECTRONICS, INC., DEFENDANT-APPELLEE.
 NO. 84-5489
 United States Court of Appeals, Sixth Circuit.
 5/24/85
 
 ON APPEAL from the United States District Court for the Western District of Tennessee, Western Division
 Before: KEITH and KRUPANSKY, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 The origin of this litigation was a fire in the news room of television station WMC-TV, the Memphis, Tennessee affiliate of plaintiff-appellant Scripps-Howard Broadcasting Company, Inc. WMC had purchased from Regency Electronics, Inc. a police band radio scanner which was used in the news room for the purpose of obtaining leads on which to send out news crews to gather information. The fire occurred in the news room June 21, 1978 in the early morning hours when the room was unoccupied. The last news broadcast before the fire was concluded at 10:30 p.m., approximately three hours before the fire was detected. No business was to have been conducted in the news room until approximately 6 0'clock the next morning.
 
 
 2
 This products liability action was filed by Scripps-Howard against Regency Electronics and a local distributor,[1] averring that the fire was caused by the malfunction of the scanner. Negligence was charged against Regency Electronics in selling a scanner that was 'defective, deficient, unsafe and not in a proper working condition,' and in failing to inspect or test the scanner for defects, 'which a reasonable inspection would have revealed.' The complaint charged common law negligence, strict liability in tort, breach of express warranty and breach of implied warranties of merchantability and fitness for a particular purpose. Compensatory damages were claimed in the amount of $1,250,000.00.
 
 
 3
 Jurisdiction is based on diversity of citizenship. Tennessee law controls. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).
 
 
 4
 District Judge Julia Smith Gibbons conducted a bifurcated trial on the issues of liability and damages beginning on October 31, 1983. On November 10, 1983 the jury returned a general verdict in favor of the defendant, Regency Electronics, Inc. Scripps-Howard appeals. We affirm.
 
 
 5
 Appellant asserts six grounds for reversal:
 
 
 6
 1. It is contended that the district court erred by refusing to allow the plaintiff to introduce, as a part of its evidence in chief, the discovery deposition of Dr. Roger Nolte, a resident of Memphis where the trial was conducted, who was listed in the pretrial order as a witness who might be called by defendant. The district judge refused to permit the use of the deposition because the witness was not shown to be unavailable. No subpoena was issued to call Dr. Nolte. We hold that the district judge did not abuse her discretion in concluding that no exceptional circumstances entitled plaintiff to introduce this discovery deposition into evidence. See Fed.R.Civ.P. 32(a)(3)(E) and Stokes v. Leung, 651 S.W. 2d 704 710 (Tenn. App. 1982) where the Court held that deposition testimony should not be admitted when there was no showing of unavailability of the witness.
 
 
 7
 2. Appellant's second argument for reversal is that the district court erred in failing to give the jury a missing witness instruction as requested by plaintiff. The court admitted the deposition of Dr. James Wert, an expert witness for defendant, who was unavailable because he lived more than 100 miles from the place of trial. Dr. Wert testified that he examined the remains of the scanner with Dr. Nolte and that Dr. Nolte concluded that although he could not determine what caused the fire, he thought the scanner did not cause it. Plaintiff moved for a jury instruction on the missing witness rule. The district court denied the request.
 
 
 8
 This Court has authorized jury instructions on the inference that can arise from the failure of a party to call a witness who possesses peculiar or special knowledge. This inference arises in the following circumstances:
 
 
 9
 Failure of a party to call an available witness possessing peculiar knowledge concerning the facts essential to a party's case, direct or rebutting, or to examine such witness as to the facts covered by his special knowledge, especially if the witness would naturally be favorable to the party's contention, relying instead upon the evidence of witnesses less familiar with the matter, gives rise to an inference that the testimony of such uninterrogated witness would not sustain the contention of the party.
 
 
 10
 No such inference arises where the only object of calling such witness would be to produce corroborative, cumulative, or possibly unnecessary evidence.
 
 
 11
 Stevens v. Moore, 24 Tenn. App. 61, 72-73, 139 S.W. 2d 710, 717 (1940). (Quoting 22 C.J. Sec. 56).
 
 
 12
 Stevens was quoted by this Court in Gafford v. Trans-Texas Airways, 299 F.2d 60, 63 (6th Cir. 1962).
 
 
 13
 An expert may qualify as such a witness. Wigmore on Evidence, Sec. 290 at 177.
 
 
 14
 No inference arises where the witness is available equally to both parties. Henderson v. New York Life Insurance Company, 194 Tenn. 40, 56, 250 S.W. 2d 11 (1952); Brown v. University Nursing Home, Inc., 496 S.W. 2d 503, 510 (Tenn. App. 1972); Waller v. Skeleton, 31 Tenn. App. 103, 212 S.W. 2d 690 (1948). 'The mere fact that a party fails to produce a particular person who may have some knowledge of the facts involved does not justify application of the inference against him.' State v. Francis, 669 S.W. 2d 85, 88 (Tenn. 1984).
 
 
 15
 In Graves v. United States, 150 U.S. 118, 121 (1893), the Supreme Court emphasized that the presumption of unfavorable testimony from failure to produce a witness arises only when the party who fails to produce the witness 'has it peculiarly within his power' to do so.
 
 
 16
 We agree with appellee's argument that Dr. Wert's deposition encompassed the opinion of Dr. Nolte. The testimony of Dr. Nolte would be cumulative or corroborative. The failure to produce cumulative or corroborative testimony does not give rise to a missing witness inference. Gafford v. Trans-Texas Airways, supra, 299 F.2d 63; State v. Francis, supra, 669 S.W. 2d 85.
 
 
 17
 The present case differs from the facts involved in National Life and Accident Insurance Co. v. Eddings, 188 Tenn. 512, 221 S.W. 2d 695 (1949). There the missing witness instruction was justified because the insured, by refusing to release medical records, precluded the testimony of physicians regarding his medical condition. No such exclusive control over the witness is present in the case at bar.
 
 
 18
 Decision with respect to a missing witness instruction rests in the sound judgment of the trial judge. Burgess v. United States, 440 F.2d 226, 234 (D.C. Cir. 1970). We conclude that the district judge in the present case properly declined to give the requested instruction because the testimony already was before the jury in another deposition, was cumulative and was equally available to the complaining party.
 
 
 19
 3. Appellant challenges the limitations placed upon closing argument by the district court, preventing its attorneys from arguing that an inference arises from the failure of defendant to call certain witnesses expected to give testimony favorable to plaintiff. The court limited defendant's attorney to statements such as 'Dr. Nolte was not here' and 'Where is Dr. Nolte?'
 
 
 20
 Allowing comment on a missing witness is within the sound discretion of the trial judge. Gafford v. Trans-Texas Airways, supra, 299 F.2d at 64, (6th Cir. 1962). In Gafford this Court found no abuse of discretion in preventing counsel from arguing the missing witness inference where the district court had refused the requested instruction.
 
 
 21
 After consideration of the other three contentions of appellant, this Court concludes:
 
 
 22
 4. The district court did not commit reversible error in allowing a restricted showing to the jury of a videotape illustrating devices used by defendant's expert witness in investigating the matters about which the expert expressed an opinion.
 
 
 23
 5. The district judge did not abuse her discretion in allowing an additional expert, William Staff, to be added to the pretrial order as an expert witness for defendant, where he previously had been listed as an expert for the defendant subsequently dismissed from the case.
 
 
 24
 6. The district court did not err in allowing Joseph Boone, defendant's president, who had worked in the electronics industry since 1961, to testify concerning generation of heat by electronic equipment such as the scanner involved in the present case.
 
 
 25
 Upon consideration of the briefs and oral arguments of counsel, and the entire record, this Court finds no reversible error.
 
 
 26
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The local distributor later was dismissed as a party defendant